**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSE ALBERTO LEIVA MENDEZ,

Petitioner,

v. Case No. 2:26-cv-03439-MIS-SCY

WARDEN, in his capacity as Warden of Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Jose Alberto Leiva Mendez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 13, 2026. On October 29, 2026, the federal Respondents filed a "Response to [the] Petition" ("Response"). ECF No. 6.[1] Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition for the reasons set forth herein.

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Factual Background

Petitioner is a citizen of El Salvador who entered the United States near McAllen, Texas on or about May 15, 2021. Pet. at ¶¶ 1, 9. Since then, Petitioner married a United States citizen and has lived peaceably in Midland, Texas. Id. at ¶¶ 14-15. Petitioner has been employed, paid taxes, and engaged in community activities, including membership in a local church. Id. at ¶¶ 17-19. He has no criminal history. Record of Deportable/Inadmissible Alien, ECF 6-1. Nevertheless, on or around August 5, 2026, Petitioner was taken into immigration custody and served a Notice to Appear ("NTA") before an Immigration Judge for removal proceedings. ECF 6-1 & NTA, Pet. at 15-16. He has been detained ever since and is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Pet. at ¶ 1.

On September 4, 2026, an Immigration Judge held a bond hearing. Order of the Immigr. Judge, Pet. at 24. The Immigration Judge denied bond stating, "Flight Risk, unlawful manner of entry, no employment history, speculative form of relief, respondent is time barred for asylum purposes, and relief under an adjustment pursuant to an I-130 could require years to complete." Id. The same day, the Immigration Judge ordered Petitioner removed. Order of the Immigr. Judge II, ECF No. 7-6. The Executive Office for Immigration Review's ("EOIR") website indicates that removal proceedings are pending. EOIR Automated Case Information.

On October 15, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether any precedent requires relief. To the extent the Government opposes the Petition, they MUST specify details surrounding the bond hearing and

provide documents and information to show the Petitioner had a constitutionally adequate bond hearing." Id.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his detention is unlawful and violates his Fifth Amendment right to due process, asserting the bond hearing was constitutionally inadequate. Pet. at ¶¶ 22-30. He seeks immediate release[2] or in the alternative a new bond hearing before an impartial Immigration Judge. Id. at 8. Respondents argue that Petitioner has no constitutional right to be released during the pendency of immigration proceedings. Id. at 2 (citing Reno v. Flores, 507 U.S. 292, 306 (1993)). Respondents argue that Petitioner had a bond hearing, and therefore 8 U.S.C. § 1226(e) strips the

[2] Respondents, wrongly, assert that Petitioner has not requested release and only requests a new bond hearing. Resp. at 3. The Court directs Respondents attention to Paragraph G of Petitioner's Prayer for Relief. Pet. at 8.

Court of jurisdiction to review the Immigration Judge's discretionary judgment. Id. at 1-2. Respondents make no substantive argument that the bond hearing was constitutionally adequate. See generally Resp.

While the Court does not have jurisdiction to review discretionary bond decisions under § 1226(e), the Court does have jurisdiction to review constitutional challenges to bond decisions. Dong v. Mullin, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). The Court therefore rejects Respondents' argument that § 1226(e) deprives the Court of jurisdiction to review Petitioner's assertion that his bond hearing was not constitutionally adequate.

To that point, the fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). To comport with due process—that is, to be meaningful—a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen. See Dong, 2026 WL 1959357, at *1. An Immigration Judge "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," by looking "to a number of factors in determining whether an alien merits release from bond, as well as the amount of bond that is appropriate." In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

> These factors may include any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or

> otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

Id.

The Court finds the IJ's explanation deficient for the reasons set forth in Duong v. Mullin, __ F. Supp. 3d __, No. 2:26-CV-03009-MIS-JFR, 2026 WL 3030939, at *2-3 (D.N.M. Oct. 9, 2026), which the Court hereby adopts. Briefly, a bond decision that rests upon conclusory determinations based on blanket categories—e.g., a speculative form of relief—and not upon individualized facts specific to a petitioner, does not provide an individualized determination based on the actual circumstances of the noncitizen, and is thus not constitutionally adequate. Id.; see also Dong, 2026 WL 1959357, at *1 (bond determination must be individualized). That is precisely what the Immigration Judge did here – listing categories such as "unlawful manner of entry," "no employment history," "speculative form of relief," and a time-barred asylum claim. Order of the Immigr. Judge, Pet. at 24. More, the Immigration Judge even goes so far as to suggest Petitioner's request for "relief under an adjustment pursuant to an I-130 court require years to complete" as if the immigration court's own backlog and inefficiency somehow is indicative of Petitioner's disposition. Order of the Immigr. Judge, Pet. at 24. Such reasoning suggests a predisposition to deny bond and not any meaningful consideration of specific facts relevant to Petitioner and thus is strong evidence of a constitutionally inadequate process. In any event, the record is devoid of any indication that the Immigration Judge considered any individualized, specific facts related to Petitioner, and Respondents do not point to any other evidence to establish that the Immigration Judge provided further analysis to support the decision or make any argument that the bond hearing was constitutionally adequate. See generally Resp.

Thus, while Petitioner received a bond hearing, the record before the Court does not suggest that Petitioner received a constitutionally adequate bond hearing for the purposes of § 1226(a). See Duong, 2026 WL 3030939, at *2-3; Dong, 2026 WL 1959357, at *1. As such, his continued detention violates his right to due process, and because Respondents have failed to articulate a legitimate interest in Petitioner's continued detention, the Court finds that immediate release is the appropriate remedy.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Jose Alberto Leiva Mendez from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk based on the considerations espoused in In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).; and
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE